```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                 Criminal No. 05-275(1)(2)(DSD/JJG)
```

United States of America,

        Plaintiff,

v.                                                          **ORDER**

Jason Carmell Metcalf(1),
Jonathon Jerell Metcalf(2),

        Defendants.


This matter is before the court upon defendants' objections to Magistrate Judge Arthur J. Boylan's report and recommendation, dated October 14, 2005. In his report, the magistrate judge recommended that defendant Jason Carmell Metcalf's motions to suppress statements, to suppress evidence and to challenge his arrest be denied. The magistrate judge also recommended that defendant Jonathon Jerell Metcalf's motions to suppress statements and to suppress evidence be denied. Following a de novo review of the file and record, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation of the magistrate judge in part.

## DISCUSSION

**I.   Motions to Suppress Statements**

A defendant is entitled to a <u>Miranda</u> warning prior to custodial interrogation. <u>Miranda v. Arizona</u>, 384 U.S. 436, 444-45

(1966). Interrogation for <u>Miranda</u> purposes includes "any questioning or conduct that the government officer should know is reasonably likely to elicit an incriminating response." <u>United States v. McLaughlin</u>, 777 F.2d 388, 390 (8th Cir. 1985). Whether an incriminating response is sought by an officer is determined "from the perspective of the suspect" and not by the officer's actual intent. <u>United States v. Richardson</u>, 427 F.3d 1128, 1132 (8th Cir. 2005).

The routine booking question exception provides that a <u>Miranda</u> warning is not required prior to an officer's request for "biographical data necessary to complete booking." <u>Pennsylvania v. Muniz</u>, 496 U.S. 582, 601 (1990). This exception includes questions that are for "basic identification purposes ... even if the information turns out to be incriminating." <u>McLaughlin</u>, 777 F.2d at 391; <u>see also</u> <u>United States v. Brown</u>, 101 F.3d 1272, 1274 (8th Cir. 1996) (asking defendant's name falls within routine booking question exception even where defendant provides false name). Scrutiny of such statements is necessary, however, where the officer "should reasonably be aware that the information sought, while merely for basic identification purposes in the usual case, is directly relevant to the substantive offense charged." <u>Brown</u>, 101 F.3d at 1274.

Under the exclusionary rule, courts are required to suppress a statement that either directly resulted from unlawful conduct or

2

was indirectly derived from such conduct.  See Nix v. Williams, 467 U.S. 431, 441 (1984).  However, a pre-Miranda statement that is voluntary and is "not the product of police questioning or police action likely to produce an incriminating response" is admissible. Richardson, 427 F.3d at 1132; see also United States v. McCoy, 200 F.3d 582, 584 (8th Cir. 2000) (pre-Miranda statements that are spontaneous and voluntary do not require suppression).  A statement attained in violation of a defendant's right to receive a Miranda warning is also admissible if "the prosecution can establish by a preponderance of the evidence that the information ... ultimately or inevitably would have been discovered by lawful means." United States v. James, 353 F.3d 606, 616-17 (8th Cir. 2003) (citing Nix v. Williams, 467 U.S. 431, 444 (1984)).

    A.    **Defendant Jason Metcalf's Statements**

Defendant Jason Metcalf objects to the magistrate judge's conclusion that the statements he made prior to receiving his Miranda rights should not be suppressed.  First, defendant Jason Metcalf argues that Officer Radke's request for his name and address do not fall within the routine booking question exception because the officer already knew Jason Metcalf's identity prior to asking, was able to confirm that identity based on a neck tattoo and was not engaged in actually "booking" the defendant.  These arguments, however, do not alter that Officer Radke asked defendant Jason Metcalf to provide his true name and address for basic

identification purposes. Furthermore, confirmation of defendant Jason Metcalf's true identity was reasonable, if not necessary, given that he initially identified himself as his twin brother, defendant Jonathon Metcalf. Therefore, the magistrate judge correctly concluded that defendant Jason Metcalf's pre-<u>Miranda</u> statements as to his name and address were not in response to unlawful questioning because they fall within the routine booking question exception.

Second, defendant Jason Metcalf argues that his pre-<u>Miranda</u> identification of defendant Jonathon Metcalf's girlfriend and cell phone number were the result of an un-counseled custodial interrogation. The information elicited by these questions was not necessary for the basic identification of defendant Jason Metcalf. Therefore, to the extent that defendant argues that these statements do not fall within the routine booking question exception, the court agrees.

The magistrate judge, however, concluded that these two statements are admissible for impeachment purposes because they were given voluntarily.[1] The factual record does not support a finding that these statements by defendant Jason Metcalf were

---

[1] The magistrate judge did not address the issue of whether these two statements would be admissible in the government's case-in-chief because the government did not argue that point. The government has similarly provided no such argument to this court. The court therefore limits its analysis to whether the two statements are admissible for purposes of impeachment.

voluntary.  Jason Metcalf had been arrested and placed in the back of a squad car when officers asked him to identify the female with whom he was speaking and to provide the officers with Jonathon Metcalf's cell phone number.  Therefore, defendant Jason Metcalf's answers to the officer's questions were not voluntary.

However, the court finds that the information provided by defendant Jason Metcalf in response to these questions would have been inevitably discovered.  First, as to his identification of defendant Jonathon Metcalf's girlfriend, the female he identified was arrested at the scene for obstruction of justice because she would not provide the officers with her true identity.  The female's true identity would have ultimately been discovered by lawful means as a result of her own arrest.  Second, as to his provision of defendant Jonathon Metcalf's cell phone number, the female's cell phone was lawfully seized by the officers incident to her arrest. See United States v. Mendoza, 421 F.3d 663, 668 (8th Cir. 2005) (seizure of cell phone valid as a search incident to a lawful arrest). Based upon the cell phone's display, the officers knew the last number dialed.  The officers would have ultimately and lawfully discovered that the number displayed belonged to defendant Jonathon Metcalf.  Therefore, suppression of defendant Jason Metcalf's statements regarding the identification of Jonathon Metcalf's girlfriend and cell phone number is not necessary.

B.  **Defendant Jonathon Metcalf's Statement**

Defendant Jonathon Metcalf objects to the magistrate judge's conclusion that his pre-Miranda statement should not be suppressed.[2] The defendant argues that Officer Sosnowski's question as to his cell phone number was investigatory in nature and sought incriminatory information. The government contends that Jonathon Metcalf's cell phone number falls within the routine booking question exception and, regardless, would have been inevitably discovered as a result of his arrest. The questioning as to defendant Jonathon Metcalf's cell phone number warrants scrutiny because, at the time of the questioning, Officer Sosnowski was aware that a call had been placed to that particular number. The factual record does not support a finding that defendant Jonathon Metcalf's pre-Miranda statement of his cell phone number was given as a request for "basic identification information necessary for booking purposes." See McLaughlin, 777 F.2d at 392. Therefore, the routine booking question exception does not apply to that statement.

However, the court finds that probable cause existed to support defendant Jonathon Metcalf's arrest and that his cell phone

---

[2] The magistrate judge originally ruled as moot defendant Jonathon Metcalf's motion to suppress statements because the government had advised that Jonathon Metcalf had not made any statements to the officers. However, the magistrate judge included the issue in his report and recommendation and recommended the motion be denied. Therefore, the court views the motion as submitted for consideration.

number would have been ultimately and lawfully discovered incident to his arrest.  Promptly following defendant Jason Metcalf's arrest, officers arrived at his residence to freeze the scene and await a search warrant.  Defendant Jonathon Metcalf arrived at the residence of defendant Jason Metcalf shortly thereafter.  Officer Sosnowki had been informed to use caution with defendant Jonathon Metcalf because he was suspected of being a member of a gang.  As a result of the prior surveillance and investigation, the officers knew that defendant Jonathon Metcalf was the twin brother of defendant Jason Metcalf.  Upon his arrival, defendant Jonathon Metcalf falsely identified himself to the officers.  Officer Sosnowski conducted a pat down search and discovered crack cocaine on defendant Jonathon Metcalf, who was then arrested.  Defendant Jonathon Metcalf's cell phone was lawfully seized incident to his arrest and, as a result, the number of that cell phone would have ultimately been lawfully discovered by the arresting officers.  See Mendoza, 421 F.3d at 668 (seizure of cell phone valid as a search incident to a lawful arrest).  Therefore, the magistrate judge correctly concluded that suppression of defendant Jonathon Metcalf's statement providing his cell phone number is not warranted.

**II.  Motions to Suppress Evidence**

    **A.  Evidence Seized from the Person of Jonathon Metcalf**

Defendant Jonathon Metcalf argues that the pat search conducted by the officers following his false identification was not appropriate. A "protective frisk or pat-down search" for weapons is constitutional absent traditional probable cause when an officer has a reasonable suspicion that the person "with whom he is dealing may be armed and presently dangerous." United States v. Davis, 202 F.3d 1060, 1061-62 (8th Cir. 2000) (citing Terry v. Ohio, 392 U.S. 1 (1968)). Officer Sosnowski was advised to use caution because Jonathon Metcalf was suspected of being a member of a gang. Additionally, Officer Sosnowski was aware of the prior surveillance, the recent arrest of defendant Jason Metcalf and defendant Jonathon Metcalf's false identification. Therefore, a pat search for safety purposes was reasonable under the circumstances.

Defendant Jonathon Metcalf also argues that probable cause did not exist to support his warrantless arrest. A finding of probable cause requires a "probability or substantial chance of criminal activity" based on a "totality of the circumstances." Mendoza, 421 F.3d at 667. To determine whether probable cause exists police may "draw reasonable inferences of criminal activity from circumstances which the general public may find innocuous." Id. Defendant Jonathon Metcalf was arrested after Officer Sosnowski discovered

crack cocaine on Jonathon Metcalf's person. The magistrate judge correctly concluded that probable cause existed for the arrest. Therefore, for all of the above reasons suppression of the evidence attained from the search of Jonathon Metcalf is not warranted.

**B.   Evidence Seized from 1314 Irving Avenue North**

Defendant Jason Metcalf objects to the magistrate judge's conclusion that the evidence seized from 1314 Irving Avenue North, Apartment Number 304 ("Apartment 304"), should not be suppressed. Defendant asserts two arguments as to why an illegal entry occurred at Apartment 304. First, he argues that Officer Sosnowski's insertion of the keys found on Jonathon Metcalf into the lock at Apartment 304 constituted an unlawful search. Second, he argues that Officer Sosnowski's testimony that no one entered Apartment 304 prior to execution of the search warrant is not credible.

As to defendant's first argument, the court finds no need to address the issue because the magistrate judge correctly found that the affidavit of Officer Kurt Radke sufficiently stated probable cause for the search warrant.[3] The affidavit included information

---

[3] The Eighth Circuit has twice declined to rule on the issue of whether the insertion of a key into a lock is a "search" for purposes of the Fourth Amendment. See United States v. Taylor, 119 F.3d 625, 629-30 (8th Cir. 1997); United States v. Dickson, 58 F.3d 1258, 1264 (8th Cir. 1995), superseded on other grounds, 64 F.3d 409 (8th Cir. 1995). As in Taylor, the only possible fruit of the alleged search that occurred by inserting the key into the lock is that defendant Jonathon Metcalf's key fit the lock to Apartment 304. See 119 F.3d at 629-30. That knowledge was not necessary to establish probable cause.

that resulted from a confidential reliable informant, multiple controlled drug buys, a dog sniff of Apartment 304, prior surveillance of both Jason Metcalf and the apartment building, and the arrest of defendant Jason Metcalf. Therefore, suppression of the evidence seized from Apartment 304 is not warranted because insertion of the key into the keyhole was not necessary to establish probable cause for the warrant to search Apartment 304.

As to defendant's second argument, defendant has brought forth no evidence to diminish Officer Sosnowski's credibility. Moreover, the court finds no evidence in the record to support an inference that an officer entered Apartment 304 prior to execution of the search warrant. The magistrate judge correctly determined that the search warrant was lawfully executed and the evidence seized from Apartment 304 was not unlawfully obtained. Therefore, suppression of that evidence is not warranted.

## CONCLUSION

Accordingly, after conducting a de novo review of the file and record, the court adopts those parts of the magistrate judge's report and recommendation [Docket No. 48] that are consistent with this order.

Therefore, **IT IS HEREBY ORDERED** that:

1. Defendant Jason Metcalf's motion to suppress statements [Docket No. 29] is denied.

2.  Defendant Jason Metcalf's motion to suppress evidence [Docket No. 34] is denied.

3.  Defendant Jason Metcalf's motion to challenge arrest [Docket No. 35] is denied.

4.  Defendant Jonathon Metcalf's motion to suppress statements [Docket No. 25] is denied.

5.  Defendant Jonathon Metcalf's motion to suppress evidence [Docket No. 23] is denied.

Dated:  November 29, 2005

                                      s/David S. Doty  
                                      David S. Doty, Judge  
                                      United States District Court